STATE *v.* GAETANO ABBADINI, JAMES CAMPONE, DOMINICK CANTERA, CARMIN DI MAIO, JAMES DI MAIO, JOSEPH DI MAIO, THOMAS DUNCAN, GILBERT H. EDGE, PHILIP J. FORREST, MAHLON KELLEY, FRANCIS A. KEELEY, FRANK MASCI, LEONARD PARENTI, ALFRED J. SCARI and JOHN ZINNI.

(*May* 14, 1937.)

SPEAKMAN, J., sitting.

*P. Warren Green*, Attorney-General, for the State.

*H. Albert Young* and *David J. Reinhardt, Jr.*, for the defendants.

Court of General Sessions for New Castle County, Indictment for Riot, No. 69, May Term, 1937.

SPEAKMAN, J., in charging the jury, in part, said:

The indictment in this case is for riot. It consists of five counts. In each of the counts it is alleged in substance that the defendants, Gaetano Abbadini, James Campone, Dominick Cantera, Carmin Di Maio, James Di Maio, Joseph Di Maio, Thomas Duncan, Gilbert H. Edge, Philip J. Forrest, Mahlon Kelley, Francis A. Keeley, Frank Masci, Leonard Parenti, Alfred J. Scari and John Zinni, with divers other persons to the Grand Inquest unknown, in Brandywine Hundred, this County, on the 3d day of April, 1937, with force and arms did unlawfully, riotously, routously and tumultuously assemble and meet together to disturb the peace of the State.

In the first count it is charged that the said defendants being so then and there assembled and gathered together, did then and there make great noise, riot, tumult and disturbance and then and there unlawfully, riotously and tumultuously remain and continued together, making such noises, outcries, tumults and disturbances for a space of time, to wit, for a space of one half hour and more, to the great terror and disturbance not only of the citizens of the State there inhabiting and residing but to all the other citizens of the State there passing and repassing on the public streets and highways there situate, against the form of the *Act of the General Assembly*.

In the second count it is charged that the said defend-

ants being so then and there assembled and gathered together, unlawfully, riotously and routously assaulted one Henry R. Folson, Sr., against the form of the *Act of the General Assembly.*

In the third count it is charged that the said defendants being so then and there assembled and gathered, unlawfully, riotously and routously assaulted one Cecil D. Rogers against the form of the *Act of the General Assembly.*

In the fourth count it is charged that the said defendants being so then and there assembled and gathered, unlawfully, riotously and routously, with dangerous and offensive weapons, did break, destroy and demolish certain windows in a dwelling house then and there being erected by Henry R. Folson, Jr., and did then and there unlawfully, riotously and routously upset and overturn certain mortar boards containing mortar, did open certain bags containing lime, and scatter and destroy the contents, and did seize, cast and throw certain tools being used by workmen in the construction of the dwelling on or about the premises of the said Henry R. Folson, Jr., to the damage, terror and dismay of Henry R. Folson, Jr., and of the workmen in the dwelling house, and to the terror of the people of the State against the form of the *Act of the General Assembly.*

In the fifth count it is charged that the said defendants did then and there meet together to disturb the peace of this State, and did unlawfully, riotously, routously and tumultuously enter into a dwelling house then and there being erected by one Henry R. Folson, Jr., and did by the use of force, violence, and threats to use force and violence, accompanied by the immediate power of execution, unlawfully, riotously, routously and tumultuously endeavor and attempt to drive away from the said dwelling house the workmen then and there engaged at work thereon, and did by the use of force and violence endeavor and attempt to compel and force the said workmen to stop and quit work

thereon and to leave the same, to the damage of the said Henry R. Folson, Jr., and to the terror and disturbance of said workmen and of the public peace. Against the form of the *Act of the General Assembly.*

The State contends that on the 3d day of April of the present year, Henry R. Folson, Jr., was the owner of a certain propery located in Brandywine Hundred, on which he was then engaged in erecting a dwelling house, and at that time there were in and about the said premises a number of workmen engaged in performing work in connection with the construction of the dwelling house.

That on the morning of that day these defendants, in company with other persons, approached the dwelling house in a body, and that one or more persons in the body, during the time of the approach on several occasions used language calculated to intimidate and terrify the workmen, and so to cause the workmen to desist from work on the dwelling house; that thereafter a number of the defendants and other persons entered upon the said premises belonging to said Henry R. Folson, Jr., and that the persons so upon said premises made a great noise and disturbance, following which some of the defendants and other persons so upon the premises entered into the dwelling house and while so in the dwelling house with force and violence did assault, beat and ill treat one Henry R. Folson, Sr., who was then in said dwelling house and who was at that time an employee of the owner of the premises and had immediately theretofore been engaged in work upon said dwelling house, and that also several of the defendants and other persons who were in said dwelling house did assault, beat and ill treat one Cecil D. Rogers, who was then also an employee of the owner of said premises and who was also immediately prior thereto engaged in doing work in and about said dwelling house; that some of said defendants, together with other persons, while in and upon said premises, did unlawfully

and riotously break the glass in certain windows of the dwelling house, did upset certain mortar boards containing mortar; did break open certain bags containing lime and did scatter and strew the lime in and about the premises, did seize certain tools then upon the premises belonging to certain employees of the owner of said premises, and did throw and scatter them in and about the premises, and did attempt and endeavor to force the workmen upon said premises to stop and quit work thereon.

The contentions of the State are denied by the respective defendants.

The law which the defendants are charged with having violated is *Section* 5179 of the *Revised Code of* 1935, of this State, which is in part as follows: " * * * if three or more persons shall commit a riot, every such person shall be deemed guilty of a misdemeanor."

■ A riot has been defined as a tumultuous disturbance of the peace by three or more persons, assembled and acting with a common intent; either in executing a lawful private enterprise in a violent and turbulent manner, to the terror of the people, or in executing an unlawful enterprise in a violent and turbulent manner. 54 *C. J., Riot,* § 1.

■■ To render persons guilty they must act in concert and there must be a common intent or purpose to do the act complained of. It is not necessary, however, that the parties shall have deliberated or exchanged views with each other before entering upon the execution of their common purpose, but concert of action, and a common intent or purpose may be inferred from the manner in which the act is done. *Brill, Cyc. Crim. Law, Vol.* 2, § 1017.

■ The mere presence of an assemblage of persons at or near a place when a riot occurred would not of itself make them, or any of them, guilty of the offense, but if any

such person encouraged, incited, promoted, supported, assisted or actively took part in the alleged riot, he would be guilty of the offense charged.

In riotous and tumultuous assemblies, all persons who are present and not actually assisting in their suppression may, when their presence is intentional, and where it tends to the encouragement of the rioters, be *prima facie* inferred to be participants, and the obligation is cast upon a person so circumstanced, in his defence, to prove his actual non interference. *Wharton's Crim. Law* (12th Ed.), § 1865.

If a person, seeing others actually engaged in a riot, join himself to them and assist them in their unlawful acts, he is as much a rioter as if he had at first assembled with them for the same purpose, since he has no pretence to contend that he came innocently into the company, but appears to have joined himself unto them with an intention to second them in the execution of their unlawful enterprise; and it would be endless as well as superfluous to examine whether every particular person engaged in a riot were, in truth, one of the first assembly or actually had a previous knowledge of the design of its movers. 2 *Wharton's Precedents of Indictments and Pleas* (846), *p.* 401.

If several persons assemble together for an unlawful purpose, every man is guilty of all the acts done in execution of, or contributing or tending to that purpose. If they meet for a lawful purpose and proceed to an unlawful act, it is riot. 1 *Russell on Crime* (3d Am. Ed.) 247, note.

In order for you to convict any one or more of the defendants in this case, it will be necessary for you to believe from the evidence, beyond a reasonable doubt, that there was an assembly of three or more persons in which there was included such defendant or defendants, and that such

assembly of persons without authority of law combined together, acting in concert and in pursuance to a common design and intent.

(a) By means of any threat or threats to use violence, accompanied by immediate power of execution, did inspire terror into other persons, or

(b) By means of force and violence did commit an assault or battery upon the person of Henry R. Folson, Sr., or an assaut or a battery upon the person of Cecil D. Rogers, or

(c) In a turbulent or disorderly manner entered into or upon the lands and premises of Henry R. Folson, Jr., and by force and violence did damage to either real or personal property as referred to in the indictment, or

(d) By means of force and violence did endeavor or attempt to compel and force workmen employed by Henry R. Folson, Jr., or one or more of them on the premises of Henry R. Folson, Jr., as referred to in the indictment, to stop and quit work, to the terror and disturbance of the workmen and of the public peace.

The Court then charged on the law relating to the presumption of innocence, reasonable doubt, conflict of evidence, good reputation, and the conviction of all or any one or more of the defendants.